11-2016-cv
Brodsky v. U.S. Nuclear Regulatory Comm'n

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand thirteen,

PRESENT: ROBERT D. SACK,
REENA RAGGI,
*Circuit Judges*,
LAURA TAYLOR SWAIN,
*District Judge*.[*]

------------------------------------------------------------------------

RICHARD L. BRODSKY, New York State Assemblyman, from the 92nd Assembly District, in his official and individual capacities, WESTCHESTER'S CITIZENS AWARENESS NETWORK (WESTCAN), SIERRA CLUB – ATLANTIC CHAPTER (SIERRA CLUB),
*Plaintiffs-Appellants*,

PUBLIC HEALTH AND SUSTAINABLE ENERGY (PHASE),
*Plaintiff*,

v.                                                             No. 11-2016-cv

UNITED STATES NUCLEAR REGULATORY COMMISSION,
*Defendant-Appellee*,

---

[*] Judge Laura Taylor Swain of the United States District Court for the Southern District of New York, sitting by designation.

ENTERGY NUCLEAR OPERATIONS, INC.,

*Defendant*.

------------------------------------------------------------------------

APPEARING FOR APPELLANTS:       RICHARD L. BRODSKY, Esq., *pro se*, White
                                Plains, New York.

APPEARING FOR APPELLEE:         BENJAMIN H. TORRANCE (Sarah S. Normand,
                                *on the brief*), Assistant United States Attorneys,
                                *for* Preet Bharara, United States Attorney for the
                                Southern District of New York, New York, New
                                York.

FOR *AMICUS CURIAE*:            Kelly A. Berkell, Office of Assemblywoman Amy
                                R. Paulin, *for* amicus curiae *New York
                                Legislators*.

Appeal from a judgment of the United States District Court for the Southern District

of New York (Loretta A. Preska, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

DECREED that the judgment entered on March 11, 2011, is AFFIRMED IN PART.

Plaintiffs appeal from an award of summary judgment to defendants in this action

under the Administrative Procedure Act ("APA"), see 5 U.S.C. § 701 et seq., challenging a

decision of the United States Nuclear Regulatory Commission ("NRC") granting an

exemption from fire safety regulations, see 10 C.F.R. § 50.48; id. pt. 50 App. R, to the Indian

Point 3 nuclear power plant operated by defendant Entergy in Westchester County, New

York.  This order addresses all of plaintiffs' claims except one charging the NRC with

violating public participation requirements under the National Environmental Policy Act

("NEPA"), see 42 U.S.C. §§ 4321–47, which is the subject of an opinion issued

simultaneously with this order. We assume the parties' familiarity with the underlying facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm the judgment with respect to the claims addressed herein.

1.      The NRC's Authority To Issue Exemptions

Plaintiffs challenge the NRC's authority to issue exemptions from its regulations promulgated under the Atomic Energy Act ("AEA"), see 42 U.S.C. § 2011 et seq. The argument is defeated by well-established precedent "that an agency's authority to proceed in a complex area . . . by means of rules of general application entails a concomitant authority to provide exemption procedures in order to allow for special circumstances." United States v. Allegheny-Ludlum Steel Corp., 406 U.S. 742, 755 (1972); see also Alabama Power Co. v. Costle, 636 F.2d 323, 357 (D.C. Cir. 1979) (recognizing power of agency to grant dispensation from general rule in particular cases).

The AEA "establishes a comprehensive regulatory framework for the ongoing review of nuclear power plants located in the United States," pursuant to which "the NRC is empowered to promulgate rules and regulations governing the construction and operation of nuclear power plants." County of Rockland v. U.S. Nuclear Regulatory Comm'n, 709 F.2d 766, 769 (2d Cir. 1983). In its regulations, the NRC has specifically provided for an exemption procedure, which it applied in this case. See 10 C.F.R. § 50.12. In so doing, the agency acted well within the scope of its regulatory discretion. Plaintiffs' argument that the AEA's scattered references to "exemptions" from certain statutory requirements signals congressional intent to deprive the agency of power to exempt entities from its own

3

regulatory requirements is unpersuasive. The statutory language supports no such inference. Equally unavailing is plaintiffs' suggestion that even if the AEA authorized the NRC to grant exemptions, NRC regulations allowed only a "one-time" exemption in 1980. That contention finds no support in the current regulatory text. See id.

2.      Hearing Rights Under the AEA and APA

Plaintiffs' contention that the NRC was required to hold a hearing under the AEA and APA before granting the exemption is foreclosed by our prior decision in this case, Brodsky v. U.S. Nuclear Regulatory Comm'n, 578 F.3d 175 (2d Cir. 2009) ("Brodsky"). In there concluding that we lacked subject matter jurisdiction, see id. at 179–84, we necessarily concluded that the proceeding granting the exemption in this case was not one for the "granting, suspending, revoking or amending of any license" or "for the issuance or modification of rules and regulations dealing with the activities of licensees," 42 U.S.C. § 2239(a); see 28 U.S.C. § 2342(4) (providing that courts of appeals have exclusive appellate jurisdiction over orders reviewable under 42 U.S.C. § 2239). As such proceedings are the only ones for which the AEA grants the right to a hearing, see 42 U.S.C. § 2239(a); Brodsky, 578 F.3d at 180 (recognizing that § 2239(a) both defines proceedings over which courts of appeals have direct jurisdiction and proceedings with hearing rights), plaintiffs' hearing challenge under the AEA is meritless.[1]

---

[1] Brodsky similarly disposes of any request for a hearing under the APA, which applies only to "rule making." 5 U.S.C. § 553(c).

Plaintiffs argue on appeal that Brodsky specifically reserved the question of a right to a hearing, see 578 F.3d at 183–84, and that anything Brodsky said on the subject was tied to its strict construction of jurisdictional provisions, see id. at 180, pursuant to a canon of interpretation not applicable here. The points merit little discussion. Even if this court would have lacked jurisdiction to answer a stand-alone question as to plaintiffs' right to a hearing, it certainly had jurisdiction to decide its jurisdiction, and the conclusion that plaintiffs have no right to a hearing remains a necessary consequence of that jurisdictional decision. Section 2239(a) does not envision the possibility that some proceedings may fall within its ambit for hearing rights but not for jurisdictional purposes. Cf. Clark v. Martinez, 543 U.S. 371, 380 (2005) (concluding that where canon of constitutional avoidance mandates one construction of statute, that construction must prevail even when no such constitutional concerns are present). Accordingly, we affirm the grant of summary judgment to defendants on plaintiffs' hearing challenge under the AEA.

3.      Compliance with Regulations

Plaintiffs contend that the NRC failed adequately to support its findings that (1) the grant of the exemption was (a) "authorized by law" and (b) "consistent with the common defense and security," and (2) special circumstances are present. 10 C.F.R. § 50.12. The record defeats these arguments.

First, we do not read 10 C.F.R. § 50.12, which mandates simply that the grant of an exemption be "authorized by law," to require the NRC to provide a detailed explanation as to why a grant is consistent with the provisions of the AEA, APA, or NEPA. To the extent

5

plaintiffs allege that the exemption does not comport with any of these statutes, we address those particular contentions separately. But insofar as the NRC generally considered whether any law prohibited granting the exemption and concluded that none did, we hold that no more was required by § 50.12.

Second, plaintiffs' contention that the NRC failed to justify the challenged exemption as "consistent with the common defense and security" is in some tension with their concession that the NRC developed at least a facial basis for its finding that the exemption presented no "undue risk to the public health and safety." 10 C.F.R. § 50.12. Plaintiffs' speculation that a terrorist attack would disable more firefighting personnel than would a significant fire, thus making increased reliance on manual fire suppression unsafe, is insufficient to demonstrate that the agency's defense-and-security finding was arbitrary and capricious. Insofar as the NRC concluded the "change to the plant requirements for the specific configuration in this fire zone" resulting from the exemption bore "no relation to security issues," J.A. 515, the agency is much better situated than is this court to make such a finding on the record presented, see Natural Res. Def. Council v. U.S. EPA, 658 F.3d 200, 215 (2d Cir. 2011) (reiterating that we will not "substitute [our] judgment for that of the agency" (internal quotation marks omitted)).

Third, plaintiffs' challenge to the special-circumstances finding rests solely on the NRC's purported consideration of a document not in the record, Entergy's "Fire Hazards Analysis." The point merits little discussion. After considering at length the propriety of granting the exemption, the NRC referred to its consideration of "the information in the

6

licensee's Fire Hazards Analysis" only in passing. J.A. 515 (emphasis added). Thus, we understand the NRC simply to have noted that it considered the information submitted by the licensee relating to its analysis of fire hazards, information that plaintiffs do not dispute was in the record.

4.      Challenges to the NRC's Creation and Consideration of the Record

Plaintiffs fault the NRC for limiting the administrative record and failing to consider 23 documents in its possession. We disagree that these documents should have been added to the administrative record simply because they "'might have influenced'" the decision. Appellants' Br. 32 (quoting National Courier Ass'n v. Bd. of Governors of Fed. Reserve Sys., 516 F.2d 1229, 1241 (D.C. Cir. 1975)). The administrative record is what was "compiled by th[e] agency when it made the decision." National Audubon Soc'y v. Hoffman, 132 F.3d 7, 14 (2d Cir. 1997); see Fed. R. App. P. 16(a)(3) (noting record on review of agency order comprises "the pleadings, evidence, and other parts of the proceedings before the agency" (emphasis added)). That the agency compiled the record in this case after this litigation commenced does not alter the presumption that the agency has properly discharged this function. See Estate of Landers v. Leavitt, 545 F.3d 98, 113 (2d Cir. 2008) (referring to "'presumption of honesty and integrity in those serving as agency adjudicators'" (alterations omitted) (quoting Withrow v. Larkin, 421 U.S. 35, 47 (1975))).

More fatal to plaintiffs' claim, they have not shown that these documents are in fact relevant or probative. Plaintiffs did not present the documents at issue for review by the

district court,[2] nor do they include them in the record on appeal for consideration by this court. See generally National Audubon Soc'y v. Hoffman, 132 F.3d at 14–15 (recognizing that reviewing court may sometimes consider materials outside administrative record "to determine that the information available to the decisionmaker includes an adequate discussion of . . . effects [of] and alternatives" to agency action). We afford deference to the agency's determination that the record represents the documents it needed to consider to evaluate the exemption. See Natural Res. Def. Council v. U.S. EPA, 658 F.3d at 215.

5.    The Need for an Environmental Impact Statement Under NEPA

Plaintiffs contend that the NRC erred in failing to produce an environmental impact statement ("EIS") under NEPA, instead producing only an environmental assessment ("EA") and a finding of no significant impact ("FONSI"). We disagree.

"Judicial review of agency decisions regarding whether an EIS is needed is essentially procedural," Friends of Ompompanoosuc v. FERC, 968 F.2d 1549, 1556 (2d Cir. 1992), and "the decision not to prepare an EIS is left to the informed discretion of the agency proposing the action," City of New York v. Slater, 145 F.3d 568, 571 (2d Cir. 1998). "[A] reviewing court must ensure that [the agency] has taken a 'hard look' at the environmental consequences and assess whether the agency has convincingly documented its determination of no significant impact." Friends of Ompompanoosuc v. FERC, 968 F.2d at 1556.

---

[2] Indeed, in the district court, the parties introduced only the administrative record and plaintiffs acquiesced in the district court's decision to convert the government's motion to dismiss to a motion for summary judgment.

The NRC's EA and FONSI satisfy the agency's minimal burden to justify forgoing the EIS. The EA contains extended discussion of why the exemption does not create any fire safety risk, examines whether this exemption would have any other adverse environmental effect, and considers the alternative of not granting the exemption (and thereby requiring compliance). The NRC was not required to say more. See id. at 1558 (observing that "range of alternatives an agency must consider is narrower when, as here, the agency has found that a project will not have a significant environmental impact").

6.    Conclusion

We have considered plaintiffs' remaining arguments and, with the exception of the public participation challenge under NEPA addressed in our related opinion issued today, conclude they are without merit. The judgment of the district court is therefore AFFIRMED IN PART in accordance with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

9