*Saleh v. Blinken*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of August, two thousand twenty-three.

PRESENT:
>SUSAN L. CARNEY,
>RICHARD J. SULLIVAN,
>EUNICE C. LEE,
>>*Circuit Judges.*

———————————————————————————

ARAFAT ALI SALEH,

>*Plaintiff-Appellant,*

>v.

ANTONY J. BLINKEN, Secretary of State – United States Department of State, UNITED STATES DEPARTMENT OF STATE, NATIONAL PASSPORT CENTER, UNITED STATES CUSTOMS AND BORDER PROTECTION, UNITED STATES ATTORNEY, ATTORNEY GENERAL,

>*Defendants-Appellees.*\*

No. 22-1168

———————————————————————————

———————————————

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**For Plaintiff-Appellant:**     JULIE A. GOLDBERG, Goldberg & Associates, Bronx, NY.

**For Defendants-Appellees:**     LAYALIZA SOLOVEICHIK (Varuni Nelson, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Arafat Ali Saleh appeals from an order of the district court (1) granting summary judgment in favor of the Defendants on Saleh's claim that the State Department violated the Administrative Procedure Act (the "APA"), 5 U.S.C. § 701 *et seq.*, when it revoked Saleh's passport pursuant to 8 U.S.C. § 1504(a) and 22 C.F.R. § 51.62(a)(2), and (2) denying Saleh's motion for extra-record discovery.[1]

---

[1] Unless otherwise noted, this order cites to and relies on the regulations in effect during the time period relevant to this lawsuit, i.e., between 2010 and 2017. Some regulations cited herein have since been materially amended. *Compare, e.g.*, 22 C.F.R. § 51.4(f)(1) (2010) (then providing that a passport becomes invalid as soon as the "[State] Department has sent or personally delivered a written notice to the bearer stating that the passport has been revoked"), *with, e.g.*, 22 C.F.R. § 51.4(g)(1) (2023) (now providing that a passport becomes invalid as soon as the "[State] Department approves the revocation notification pursuant to [section] 51.65(a)").

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I.   Summary Judgment

When a plaintiff seeks to "hold unlawful and set aside agency action" under the APA, the district court essentially sits as an appellate tribunal, reviewing the administrative record compiled by that agency when it made the decision and determining whether, for example, the agency's action was "arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with the law," or "contrary to constitutional right, power, privilege, or immunity."   5 U.S.C. § 706(2)(A)–(B); *see Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083–84 (D.C. Cir. 2001); *Nat'l Audubon Soc'y v. Hoffman*, 132 F.3d 7, 14 (2d Cir. 1997).   It is generally acceptable for the district court to style such determinations as ones for summary judgment, *see Aleutian Cap. Partners, LLC v. Scalia*, 975 F.3d 220, 229 (2d Cir. 2020); *Henley v. Food & Drug Admin.*, 77 F.3d 616, 619 (2d Cir. 1996) – determinations that we in turn review de novo, *see Karpova v. Snow*, 497 F.3d 262, 267 (2d Cir. 2007).   Saleh presents three primary arguments for why the State Department's revocation of his passport violated the APA, each of which we reject (as the district court did).

3

*First*, Saleh suggests that the agency's decision to revoke his passport in 2014 was arbitrary and capricious. An agency's action is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). Nonetheless, "so long as the agency examines the relevant data and has set out a satisfactory explanation including a rational connection between the facts found and the choice made, a reviewing court will uphold the agency action, even a decision that is not perfectly clear, provided the agency's path to its conclusion may reasonably be discerned." *Karpova*, 497 F.3d at 268.

Here, the agency's path to revoking Saleh's passport can be easily discerned. As the agency explained both in 2014 at the time of its revocation decision, and in 2017 when it notified Saleh in writing of that decision, Saleh's passport was revoked because various documents demonstrated that Saleh's father was not physically present in the United States for at least ten years prior to Saleh's birth

4

in 1983 – as was required for Saleh to be eligible for citizenship under 8 U.S.C. § 1401(g) (1983).[2]   *See, e.g.*, App'x at 794–95 (affidavit of Saleh's father prepared in 1988 attesting that he was physically present in the United States prior to 1983 for 3,111 days – i.e., less than ten years); *id.* at 939–40 (affidavit of Saleh prepared in 1998 attesting that his father was physically present in the United States prior to 1983 for 3,478 days – again, less than ten years).   Although Saleh disagrees with that conclusion and speculates as to the existence of other documents that might have supported a different determination regarding the length of his father's presence in the United States, the agency's reliance on the affidavits supplied by Saleh and his father provided a "satisfactory explanation" for the agency's ruling. *Karpova*, 497 F.3d at 268.

*Second*, Saleh argues that the State Department violated the so-called *Accardi* doctrine by not complying with its own regulations.   *See Fed. Defs. of N.Y., Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020) ("Under deeply rooted principles of administrative law, not to mention common sense, government

---

[2] Congress has since amended section 1401(g), *see* Immigration and Nationality Act Amendments of 1986, Pub. L. No. 99-653, § 12, 100 Stat. 3655, 3657 (1986), but Saleh does not contest that the version in effect in 1983 governs his eligibility for citizenship.   *See Hizam v. Kerry*, 747 F.3d 102, 105 (2d Cir. 2014) ("Citizenship of a person born abroad is determined by law in effect at the time of birth.").

5

agencies are generally required to follow their own regulations" and "[w]hen agencies fail to do so, the APA (as developed by case law) gives aggrieved parties a cause of action to enforce compliance."); *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). Specifically, Saleh contends that the agency failed to notify him in writing in 2014 that his passport had been revoked in the manner it was allegedly required to do under 22 C.F.R. § 51.65(a). But, in compliance with that regulation, the agency undisputedly *did* "send [Saleh] notice in writing" in 2017 that his passport had been revoked, and that notification undisputedly *did* "set forth the specific reasons for the . . . revocation" and "the procedures for review available." 22 C.F.R. § 51.65(a). Given that both here and below Saleh failed to present a developed argument that 22 C.F.R. § 51.65(a) itself *also* compels written notification *on a specific timeline*, *see, e.g.*, App'x at 1011, 1014–18 (presenting only constitutional arguments after being asked by the district court to brief whether "22 C.F.R. § 51.62(a)(2) (2014) and the 2017 version have an element of timeliness built into it"); *see also Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009); *Guzman v. Local 32B-32J, Serv. Emps. Int'l Union*, 151 F.3d 86, 93 (2d Cir. 1998), we cannot say that the State Department violated *Accardi* merely by providing (in

6

Saleh's view) delayed notice, *see, e.g., Clarry v. United States*, 85 F.3d 1041, 1047 (2d Cir. 1996).[3]

*Third*, and finally, Saleh contends that the agency's revocation decision in 2014 and subsequent notification in 2017 violated his Fifth Amendment Due Process rights, which is itself an APA violation. *See* 5 U.S.C. § 706(2)(B). But even if we accepted the premise that the 2014 revocation decision constituted a deprivation of liberty that triggered the procedural protections of the Due Process Clause, Saleh must still show that the process provided was not adequate. *See Weinstein v. Albright*, 261 F.3d 127, 134–35 (2d Cir. 2001) ("The key inquiry in evaluating whether the government provides due process is whether the class of persons affected are given notice and provided with an opportunity to contest the relevant determination 'at a meaningful time and in a meaningful manner.'" (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965))). In this case, Saleh received written notice that his passport had been revoked and was afforded the opportunity to challenge that determination under 22 C.F.R. §§ 51.70–74 – an

---

[3] While 8 U.S.C. § 1504 does provide for "written notice of the cancellation" of a passport, "together with the procedures for seeking a *prompt* post-cancellation hearing," 8 U.S.C. § 1504(a) (emphasis added), Saleh has also forfeited, both here and below, any contention that his APA claim is grounded in a *statutory* violation, rather than a failure by the agency to follow its own *regulations*, *see Gross*, 585 F.3d at 95; *Guzman*, 151 F.3d at 93.

opportunity Saleh did not avail himself of. Although there was a three-year lapse between the revocation decision in 2014 and the issuance of the written notice in 2017 – during which time Saleh speculates that certain documents relevant to his passport application may have been destroyed – Saleh does not demonstrate how that delay prevented him from meaningfully contesting the revocation of his passport before the agency. As a result, Saleh has failed to show that the process provided was constitutionally inadequate.[4]

## II.     Discovery

In the alternative, Saleh contends that the district court erred in denying his motion pursuant to Federal Rule of Civil Procedure 56(d) to allow discovery to assess the completeness of the administrative record provided by the State Department. For a court to grant such a motion on an APA claim, the party must overcome the strong presumption of regularity by showing that materials that were considered by the agency decisionmakers were not included in the record as filed, or that there was bad faith or improper behavior on the part of agency decisionmakers. *See Hoffman*, 132 F.3d at 14–15; *Dopico v. Goldschmidt*, 687 F.2d

---

[4] To the extent that Saleh additionally asks us to grant him a passport based on equitable estoppel, we cannot do so. *See Hizam*, 747 F.3d at 110 ("Courts cannot grant citizenship" – nor documents that reflect citizenship status – "through their equitable powers.").

644, 654 (2d Cir. 1982); *Comprehensive Cmty. Dev. Corp. v. Sebelius*, 890 F. Supp. 2d 305, 308–09 (S.D.N.Y. 2012) (collecting cases). Because the district court's decision not to order discovery into potential evidence outside the administrative record is an exercise of its authority to develop an evidentiary record, we review such a decision for abuse of discretion. *See Est. of Landers v. Leavitt*, 545 F.3d 98, 113 (2d Cir. 2008).

We see no abuse of discretion here. As the district court reasonably explained, there is no "strong suggestion" that the agency failed to produce documents that were fundamental to its 2014 determination that Saleh's father did not meet the ten-year presence requirement, particularly in light of Saleh's and his father's affidavits. *Dopico*, 687 F.2d at 654; *see also Brodsky v. U.S. Nuclear Regul. Comm'n*, 507 F. App'x 48, 52–53 (2d Cir. 2013). Furthermore, we agree with the district court that Saleh's complaints about generalized problems at the U.S. embassy in Yemen, minor errors and illegible pages in the record, and the agency's litigation conduct do not adequately show bad faith or improper behavior on the part of agency personnel who made the decision in 2014 to revoke Saleh's passport. As such, the district court did not abuse its discretion in concluding that discovery was not warranted.

\*　　\*　　\*

We have considered Saleh's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court